UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

---

NICOLE DIETZEN,
on behalf of herself and
all others similarly situated,

Plaintiff,
v.

COMMUNITY LOANS OF AMERICA, INC.

Defendant.

Case No. 18-cv-818

**COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)**

**JURY TRIAL DEMANDED**

---

# COMPLAINT

## PRELIMINARY STATEMENT

1. This is a legal action brought pursuant to the Fair Labor Standards Act of 1938, as amended, ("FLSA"), by Plaintiff Nicole Dietzen, against Defendant, Community Loans of America, Inc.

2. Plaintiff brings her FLSA claims and causes of action against Defendant on behalf of herself and all other similarly situated current and former non-exempt Branch Managers of Defendant for purposes of obtaining relief under the FLSA for unpaid overtime compensation, liquidated damages, costs, attorneys' fees, declaratory and/or injunctive relief, and/or any such other relief the Court may deem appropriate. Specifically, Defendant did not include all non-discretionary forms of compensation in said employees' regular rates of pay for overtime calculation purposes.

1

## JURISDICTION AND VENUE

3. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

4. Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

5. Plaintiff, Nicole Dietzen, is an adult female resident of the State of Wisconsin residing at 500 East Eagle Flats Parkway, Apt. 109, Appleton, Wisconsin 54915.

6. Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b), is contemporaneously filed with this Complaint. (ECF No. 1.)

7. Defendant is a United States-based consumer lending organization, specializing in auto title and payday loans.

8. Defendant's corporate headquarters are located in Atlanta, Georgia and its principal place of business is located at 8601 Dunwoody Place, Suite 406, Atlanta, Georgia, 30350.

9. Within the last three (3) years, Defendant has operated approximately one-thousand (1,000) consumer lending institutions across the United States, including in the States of Alabama, Arizona, Arkansas, California, Delaware, Georgia, Illinois, Louisiana, Mississippi, Missouri, Nevada, New Hampshire, New Mexico, Ohio, Tennessee, Texas, Utah, South Carolina, South Dakota, Virginia, and Wisconsin.

10. The vast majority of Defendant's consumer lending institutions operate under regional-specific names, such as: Fast Auto Loans; Cash Cow; Georgia Auto Pawn; Texas Care Title and Payday Loan Services; and Wisconsin Auto Title Loans, Inc.

11. Defendant owns, operates, and manages its regional-specific consumer lending institutions.

12. Defendant owns, operates, and manages more than fifteen consumer lending institutions in the State of Wisconsin, including the consumer lending institution where Plaintiff primarily worked in Appleton, Wisconsin, located at 2199 South Memorial Drive, Appleton, Wisconsin 54915.

## COVERAGE AND GENERAL ALLEGATIONS

13. On or about August 7, 2017, Defendant hired Plaintiff as the Branch Manager of its Appleton, Wisconsin location, located at 2199 South Memorial Drive, Appleton, Wisconsin 54915 (hereinafter simply Defendant's "Appleton, Wisconsin location").

14. During the entirety of Plaintiff's employment with Defendant in the position of Branch Manager, Defendant compensated her on an hourly basis.

15. During the entirety of Plaintiff's employment with Defendant in the position of Branch Manager, she was a non-exempt employee.

16. Plaintiff worked as a non-exempt, hourly employee in the position of Branch Manager at Defendant's Appleton, Wisconsin location within the last three (3) years from the date of the filing of this Complaint. (ECF No. 1.)

3

17. The vast majority, if not all, of the Branch Managers employed by Defendant who worked at its consumer lending institutions across the United States, including at all of its locations in the State of Wisconsin, were employed in non-exempt, hourly compensated positions as part of Defendant's lending process.

18. Upon information and belief, Defendant's workweek for FLSA purposes was Sunday through Saturday.

19. For purposes of the FLSA, Defendant was an "employer" of "employees," Plaintiff and all other similarly situated non-exempt Branch Managers, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

20. During the entirety of Plaintiff's employment with Defendant in the position of Branch Manager, Plaintiff reported directly to Marcia Miller, Area Manager.

21. Miller was, and still is, an employee of Defendant.

22. Miller hired Plaintiff into the position of Branch Manager at Defendant's Appleton, Wisconsin location.

23. Upon Defendant's hire of Plaintiff on or about August 7, 2017 in the position of Branch Manager, it provided her with an Employee Handbook, which was titled, "Community Loans of America Employee Handbook" (hereinafter simply "Defendant's Handbook").

24. The employment policies as contained in Defendant's Employee Handbook as provided to Plaintiff upon her hire governed the terms and conditions of Plaintiff's employment with Defendant.

25. Defendant's Employee Handbook states, in part: "The Company is required to keep accurate records about each Employee in order to administer compensation programs, benefits programs and to plan for the best utilization for our Employees and their skills."

4

26. Defendant's Employee Handbook states, in part: "The basic records for all Employees, exempt and non-exempt, full and part time, are the New Hire Form, photocopy of I.D., and tax forms."

27. During the relevant time periods as stated herein, all other similarly situated, non-exempt Branch Managers employed by Defendant and who worked at its consumer lending institutions across the United States were hired by Defendant.

28. During the relevant time periods as stated herein, all other similarly situated, non-exempt Branch Managers employed by Defendant and who worked at its consumer lending institutions across the United States were directly supervised by Managers of Defendant.

29. During the relevant time periods as stated herein, Defendant's Employee Handbook was given to all other similarly situated, non-exempt Branch Managers employed by Defendant and who worked at its consumer lending institutions across the United States, and Defendant's Employee Handbook governed the terms and conditions of said employees' employment with Defendant.

30. During the relevant time periods as stated herein, Defendant maintained employment records and other documentation regarding Plaintiff and all other similarly situated, non-exempt Branch Managers employed by Defendant.

31. During Plaintiff's employment with Defendant, Miller disciplined Plaintiff.

32. During Plaintiff's employment with Defendant, Miller counseled Plaintiff, both verbally and in writing, regarding her work performance at Defendant.

33. During the relevant time periods as stated herein, Managers of Defendant disciplined and counseled Plaintiff and all other similarly situated, non-exempt Branch Managers employed by Defendant.

5

34. On or about April 5, 2018, Miller issued an Employee Counseling Form to Plaintiff, disciplining Plaintiff for allegedly incorrectly processing a loan.

35. During Plaintiff's employment with Defendant, Miller established and controlled Plaintiff's work schedule.

36. On April 13, 2018, Miller disciplined Plaintiff for allegedly adjusting her Branch work schedule without her (Miller's) prior approval.

37. During the relevant time periods as stated herein, Managers of Defendant established and controlled the work schedule of Plaintiff and all other similarly situated, non-exempt Branch Managers employed by Defendant.

38. During Plaintiff's employment with Defendant, Miller determined the rate and method of monetary compensation received by Plaintiff for work performed.

39. During Plaintiff's employment with Defendant, Miller established Plaintiff's hourly rate of pay and the amount, method, frequency, and conditions of other, additional monetary payments.

40. During the relevant time periods as stated herein, Managers of Defendant determined and established the hourly rates of pay and methods of monetary compensation received by Plaintiff and all other similarly situated, non-exempt Branch Managers employed by Defendant.

41. During the relevant time periods as stated herein, Plaintiff and all other similarly situated, non-exempt Branch Managers received compensation for work performed via paycheck from Defendant.

42. On or about April 13, 2018, Miller terminated Plaintiff's employment.

6

43. During the relevant time periods as stated herein, Managers of Defendant terminated Plaintiff and all other similarly situated, non-exempt Branch Managers employed by Defendant.

44. Regarding Plaintiff's FLSA claims and causes of action, Plaintiff brings this action on behalf of herself and all current and former non-exempt Branch Managers of Defendant who were employed by it at any of its United States consumer lending institutions within the last three (3) years from the date of filing of this Complaint and who were subject to the same unlawful policies, practices, customs, and/or schemes, including Defendant's failure to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary rewards, in their regular rates of pay for overtime purposes in violation of the FLSA.

45. Plaintiff and all other current and former non-exempt Branch Managers of Defendant on whose behalf she brings these FLSA claims and causes of action in this Complaint were non-union employees of Defendant.

46. Plaintiff, and all other current and former non-exempt Branch Managers of Defendant on whose behalf she brings these FLSA claims and causes of action in this Complaint, performed compensable work on behalf of and/or at the direction of Defendant and its Managers.

## FLSA ALLEGATIONS: NON-DISCRETIONARY COMPENSATION

47. Plaintiff brings these FLSA claims and causes of action on behalf of herself and all other similarly situated non-exempt Branch Managers as authorized under the FLSA, 29 U.S.C. § 216(b).

48. Within the last three (3) years from the date of the filing of this Complaint (ECF No. 1), Defendant's pay practices failed to include all forms of non-discretionary compensation in Plaintiff's and all other current and former non-exempt Branch Managers' regular rates of pay for overtime compensation purposes.

49. Defendant operated (and continues to operate) an unlawful compensation system that deprives current and former non-exempt Branch Mangers of their wages earned for all compensable work performed each workweek including overtime pay for each hour worked over forty (40) hours in a workweek. Specifically, Defendant's unlawful policy fails to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other monetary rewards, in all current and former non-exempt employees' regular rates of pay for overtime calculation purpose.

50. Defendant's deliberate failure to properly compensate its non-exempt Branch Managers in such a fashion violates federal law as set forth in the FLSA.

51. During Plaintiff's employment with Defendant, she was compensated by Defendant on a bi-weekly basis.

52. During the last three (3) years from the date of the filing of this Complaint (ECF No. 1), all current and former non-exempt Branch Managers of Defendant were compensated on a bi-weekly basis.

53. Defendant compensated her and all other current and former non-exempt Branch Managers with, in addition to an hourly or regular rate of pay, other non-discretionary forms of compensation, such as performance bonuses, commissions, attendance bonuses, hiring/retention bonuses, incentives, and/or other monetary rewards.

54. The non-discretionary forms of compensation with which Defendant routinely compensated Plaintiff and all other current and former non-exempt Branch Managers were in the form of performance bonuses, commissions, attendance bonuses, hiring/retention bonuses, incentives, and/or other rewards.

55. Defendant routinely compensated Plaintiff and all other current and former non-exempt Branch Managers with non-discretionary forms of compensation on at least a monthly basis.

56. The non-discretionary forms of compensation that Defendant routinely compensated Plaintiff and all other current and former non-exempt Branch Managers with on at least a monthly basis were performance-based monetary bonuses and/or commissions payments.

57. During Plaintiff's employment with Defendant, the monetary bonuses and/or commissions payments Defendant routinely compensated Plaintiff and all other current and former non-exempt Branch Managers with were non-discretionary in nature: they were made pursuant to a known plan (performance or productivity) or formula and/or were announced and known to Plaintiff and all other current and former non-exempt Branch Managers to encourage and/or reward their steady, rapid, productive, safe, consistent, regular, predictable, and/or efficient work performance.

9

58. Defendant failed to include the aforementioned non-discretionary forms of compensation in Plaintiff's and all other current and former non-exempt Branch Managers' regular rates of pay when determining overtime compensation due to them during workweeks when said employees worked more than forty (40) hours during the representative time period. For example, during the month of December 2017, Defendant compensated Plaintiff with a non-discretionary performance bonus in the amount of $613.97 that covered a representative time period but failed to include this bonus in Plaintiff's regular rate(s) of pay when determining overtime compensation due to Plaintiff during those workweeks that comprised this representative time period.

59. Defendant's unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other current and former non-exempt Branch Managers of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

60. Defendant was or should have been aware of its unlawful practice as it relates to non-discretionary compensation failed to compensate and deprived Plaintiff and all other current and former non-exempt Production employees of the appropriate and lawful overtime wages and compensation due and owing to them, in violation of the FLSA.

61. The similarly situated employees in Plaintiff's Cause of Action (FLSA Non-Discretionary Compensation – Collective Action) include:

> **FLSA Collective:** All individuals who are or have been employed by Defendant as a non-exempt Branch Manager within the three (3) years prior to this action's filing date (ECF No. 1) who received non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, that were not included in their regular rates of pay for overtime calculation purposes.

62. Defendant, as a matter of practice, did not include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

63. These practices resulted in Plaintiff and the FLSA Collective being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

64. Plaintiff's Cause of Action (FLSA Non-Discretionary Compensation – Collective Action) is brought under and maintained as opt-in Collective Actions Pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collective, and this Cause of Action my be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

65. Plaintiff and the FLSA Collective are and have been similarly situated, have and have had substantially similar job requirements, and/or pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them properly and lawfully with overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collective.

66. Plaintiff and the FLSA Collective seek relief on a collective basis challenging, among any other FLSA violations, Defendant's practice of failing to include all non-discretionary compensation, such as bonuses, commissions, incentives, and/or other rewards, in the FLSA Collective's regular rates of pay for overtime calculation purposes.

67. The FLSA Collective is readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collective via first class mail to the last address known by Defendant and through posting at Defendant's Branch locations in areas where postings are normally made.

68. Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the FLSA Collective.

## CAUSE OF ACTION – FLSA NON-DISCRETIONARY COMPENSATION
## (COLLECTIVE ACTION)

69. Plaintiff, on behalf of herself and the FLSA Collective, reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

70. At all times material herein, Plaintiff and the FLSA Collective have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq*.

71. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective as provided under the FLSA.

72. At all times material herein, Plaintiff and the FLSA Collective were employees of Defendant as provided under the FLSA.

73. Plaintiff and the FLSA Collective are victims of a uniform and unlawful compensation policy and practice as applied to them in violation of the FLSA.

74. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective for overtime premium pay at the proper and correct overtime rate of pay for each hour she/he worked in excess of forty (40) hours each workweek.

75. The FSLA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce, as defined in FLSA, 29 U.S.C. § 207(a)(1).

76. Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

77. Defendant's failure to properly compensate Plaintiff and the FLSA Collective and failure to properly include non-discretionary compensation in the regular rate of pay for overtime calculations purposes was willfully perpetrated. Defendant also has not acted in good faith or with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective are entitle to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant acted in good faith or with reasonable grounds in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective are entitled to an award of pre-judgment interest at the applicable legal rate.

78. As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

79. Plaintiff and the FLSA Collective are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

80. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former Production employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this FLSA collective action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this FLSA collective action, the nature of this FLSA collective action, and of their right to "opt in" to this FLSA collective action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this FLSA collective action;

b) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and applicable regulations and as willful as defined in the FLSA;

c) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Branch Managers of Defendant damages in the form of reimbursement for unpaid overtime wages provided by the FLSA;

d) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated non-exempt Branch Managers liquidated damages pursuant to the FLSA in an amount equal to, and in addition to the amount of overtime wages owed to them;

e) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated non-exempt Branch Managers for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

f) Provide Plaintiff and all other similarly-situated non-exempt Branch Managers with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES.**

Dated this 29th day of May, 2018.

                              WALCHESKE & LUZI, LLC
                              Counsel for Plaintiff

                              **s/ *Matthew J. Tobin***
                              James A. Walcheske, State Bar No. 1065635
                              Scott S. Luzi, State Bar No. 1067405
                              Matthew J. Tobin, State Bar No. 1097545

WALCHESKE & LUZI, LLC
15850 W. Bluemound Rd., Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com
mtobin@walcheskeluzi.com